| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| LUIS ALVAREZ HURTADO,<br><br>              Plaintiff,<br><br>      v.<br><br>NEIL CLARK, *et al.*,<br><br>              Defendants. | Case No. C08-5586BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service. The Court, having reviewed the record finds the following deficiencies:

1. Plaintiff's complaint is deficient. Plaintiff names the following defendants in the caption of the Complaint: Neil Clark, Gorge Wigen, Michael Chertoff, and Michael Mukasey

(a) Plaintiff has failed to describe how each defendant was involved in the alleged deprivations. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's complaint does not show that any of the individuals named as defendants personally participated in the alleged civil rights violations.

Plaintiff's complaint is focused on the allegation that he has been denied proper medical care while in custody at the Northwest Detention Center. Plaintiff does not show how any of the name defendants personally participated in the denial of medical care.

ORDER
Page - 1

1     (b) As noted above plaintiff has not described how these individuals participated in the alleged violations, but plaintiff shall also note that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). The four defendants named by Plaintiff appear to be named only in their supervisory capacity.

    Accordingly, this court orders the following:

    (i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than December 12, 2008.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous.

    (ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 12th day of November, 2008.

                                      */s/ J. Kelley Arnold*
                                      J. Kelley Arnold
                                      United States Magistrate Judge