UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALVAREZ HURTADO,

    Plaintiff,

v.

NEIL CLARK, et al.,

    Defendants

Case No. C08-5586BHS

REPORT AND RECOMMENDATION

Noted for February 20, 2009

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must

allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). Recently the Ninth Circuit held that dismissal of prisoner's deficient complaints is mandatory under the PLRA. *See* Lopez v. Smith, 1998 WL 774639 (9th Cir., Nov. 9, 1998).

On November 12, 2008, the undersigned reviewed plaintiff's complaint and issued an order directing plaintiff to cure certain deficiencies. *See* Doc. 7. Specifically, the court explained that plaintiff must allege facts show how an individual personally participated or caused the alleged deprivation of his civil rights. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Here, plaintiff named the following defendants in the caption of his Complaint: Neil Clark, Gorge Wigen, Michael Chertoff, and Michael Mukasey. The Complaint fails to show how any of these named defendants personally participated in the alleged deprivation or misconduct. Plaintiff was directed to respond and cure this deficiency by not later than December 12, 2008. To date, the court has not received any response or amended complaint.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause and because plaintiff fails to state a cognizable § 1983 constitutional claim within his Complaint, the Court should DISMISS this case as frivolous.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

      DATED this 28th day of January, 2009.

                                  */s/ J. Kelley Arnold*
                                  J. Kelley Arnold
                                  United States Magistrate Judge